**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA;

*Plaintiff,*

v.

SINCLAIR BROADCAST GROUP, INC.,
et al.

*Defendants.*

**STIPULATION AND ORDER**

It is hereby stipulated and agreed by and between the undersigned parties, subject to

approval and entry by the Court, that:

1.  The Court has jurisdiction over the subject matter of this action and over each of the

    parties hereto; Defendant waives service of summons of the Complaint; and venue of this

    action is proper in the United States District Court for the District of Columbia.

2.  The parties stipulate that a Final Judgment in the form attached hereto as Exhibit A may

    be filed with and entered by the Court, upon the motion of any party or upon the Court's

    own motion, at any time after compliance with the requirements of the Antitrust

    Procedures and Penalties Act ("APPA"), 15 U.S.C. § 16, and without further notice to

    any party or other proceedings, provided that the United States has not withdrawn its

    consent, which it may do at any time before the entry of the proposed Final Judgment by

    serving notice thereof on the Defendant and by filing that notice with the Court.

3.  The United States states and Defendant stipulates that nothing in this Stipulation or the attached proposed Final Judgment should be interpreted to mean that the United States takes any position on the legality or competitive effects of (a) any Cooperative Agreement (as that term is defined in the proposed Final Judgment) referenced in or implicated by the proposed Final Judgment, (b) any type of Cooperative Agreement, or (c) Cooperative Agreements in general.

4.  Defendant agrees to arrange, at its expense, publication as quickly as possible of the newspaper notice required by the APPA, which shall be drafted by the United States in its sole discretion. The publication shall be arranged no later than three business days after the Defendant's receipt from the United States of the text of the notice and the identity of the newspaper within which the publication shall be made.  Defendant shall promptly send to the United States (1) confirmation that publication of the newspaper notice has been arranged, and (2) the certification of the publication prepared by the newspaper within which the notice was published.

5.  Defendant shall abide by and comply with the provisions of the proposed Final Judgment, pending the proposed Final Judgment's entry by the Court, or until expiration of time for all appeals of any Court ruling declining entry of the proposed Final Judgment, and shall, from the date of the signing of this Stipulation by the parties, comply with all the terms and provisions of the proposed Final Judgment. The United States shall have the full rights and enforcement powers in the proposed Final Judgment as though the same were in full force and effect as the final order of the Court.

2

6. This Stipulation shall apply with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to the Court.

7. In the event: (1) the United States has withdrawn its consent, as provided in Paragraph 2 above, or (2) the proposed Final Judgment is not entered pursuant to this Stipulation, the time has expired for all appeals of any Court ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, then the parties are released from all further obligations under this Stipulation, and the making of this Stipulation shall be without prejudice to any party in this or any other proceeding.

8. The Defendant represents that the actions they are required to perform pursuant to the proposed Final Judgment can and will be performed, and that the Defendant will later raise no claim of mistake, hardship or difficulty of compliance as grounds for asking the Court to modify any of the provisions contained therein.

3

Respectfully submitted,

FOR PLAINTIFF
UNITED STATES OF AMERICA

_____

Lee F. Berger
United States Department of Justice
Antitrust Division
Media, Entertainment & Professional
Services Section
450 Fifth Street N.W., Suite 4000
Washington, D.C. 20530
Telephone: 202-598-2698
lee.berger@usdoj.gov

Dated: November 6, 2018

FOR DEFENDANT
SINCLAIR BROADCAST GROUP, INC.

_____

William J. Kolasky
Tyler D. Grove
Hughes Hubbard & Reed LLP
1775 I Street, N.W., Suite 600
Washington, DC 20006-2401
Telephone: 202-721-4771
william.kolasky@hugheshubbard.com
tyler.grove@hugheshubbard.com

Dated: NOVEMBER 6, 2018

4

<u>ORDER</u>

IT IS SO ORDERED by the Court, this _____ day of _____.


_____
United States District Judge