UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>*Plaintiff*,<br><br>v.<br><br>SINCLAIR BROADCAST GROUP, INC.,<br>RAYCOM MEDIA, INC.,<br>TRIBUNE MEDIA COMPANY,<br>MEREDITH CORPORATION,<br>GRIFFIN COMMUNICATIONS, LLC,<br>DREAMCATCHER BROADCASTING, LLC,<br>and<br>NEXSTAR MEDIA GROUP, INC.<br><br>*Defendants*. | Case No. 1:18-cv-2609-TSC |

**MOTION AND MEMORANDUM OF THE**
**UNITED STATES IN SUPPORT OF ENTRY OF FINAL JUDGMENTS**

Plaintiff United States of America filed this antitrust civil proceeding alleging that Sinclair Broadcast Group, Inc., Raycom Media, Inc., Tribune Media Company, Meredith Corporation, Griffin Communications, LLC, Dreamcatcher Broadcasting, LLC, and Nexstar Media Group, Inc. (collectively, "Defendants") violated Section 1 of the Sherman Act, 15 U.S.C. § 1, by agreeing to unlawfully exchange station-specific, competitively sensitive information regarding spot advertising revenues. Pursuant to the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)–(h) ("APPA" or "Tunney Act"), Plaintiff United States now moves for entry of the proposed Final Judgments filed on November 13, 2018 (ECF Nos. 2-2, 2-4, 2-6, 2-8, 2-10,

and 2-12) and December 13, 2018 (ECF No. 25-2), copies of which are attached as Exhibits 1 through 7.

Defendants have agreed that the Court may enter the proposed Final Judgments after the United States has complied with the APPA, as set forth in Stipulations and Orders between the United States and Defendants on November 13, 2018 (ECF Nos. 2-1, 2-3, 2-5, 2-7, 2-9, and 2-11) and December 13, 2018 (ECF No. 21-1). The proposed Final Judgments may be entered at this time without further proceedings if the Court determines that entry is in the public interest. 15 U.S.C. § 16(e). The Competitive Impact Statements, filed in this matter on November 13, 2018 (ECF No. 3) and December 13, 2018 (ECF No. 26), explain why entry of the proposed Final Judgments would be in the public interest. The United States is filing simultaneously with this motion a Certificate of Compliance, attached hereto as Exhibit 8, setting forth the steps taken by the parties to comply with all applicable provisions of the APPA and certifying that the sixty-day statutory public comment period has expired.

**I.  Background**

On November 13, 2018, the United States filed a civil antitrust complaint alleging that six Defendants agreed among themselves and other broadcast television stations in many local markets to reciprocally exchange station-specific, competitively sensitive information regarding spot advertising revenues. On December 13, 2018, the United States filed an amended complaint adding Nexstar Media Group, Inc. as a defendant.[1] The Complaint alleges Defendants' agreements are unreasonable restraints of trade that are unlawful under Section 1 of the Sherman

---

[1] In all other material respects, the amended complaint is the same as the complaint filed on November 13, 2018, and both shall be referred to hereafter as the Complaint.

2

Act, 15 U.S.C. § 1.  The Complaint seeks injunctive relief to prevent Defendants from exchanging competitively sensitive information with and among competing broadcast television stations.

Along with the Complaint, the United States filed proposed Final Judgments, Stipulations and Orders, and Competitive Impact Statements.  The proposed Final Judgments are substantively the same for all Defendants.  The proposed Final Judgments prohibit sharing of competitively sensitive information, require Defendants to implement antitrust compliance training programs, and impose cooperation and reporting requirements.  The United States and Defendants have stipulated that the proposed Final Judgments may be entered after compliance with the APPA, unless the United States withdraws its consent.  The Competitive Impact Statements explain the basis for the Complaint and why the entry of the proposed Final Judgments would be in the public interest.  Entry of the proposed Final Judgments would terminate this action, except that the Court would retain jurisdiction to construe, modify, or enforce the provisions of the proposed Final Judgments and to punish violations thereof.

## II. Compliance with the APPA

The APPA requires a sixty-day period for the submission of written comments relating to the proposed Final Judgment. 15 U.S.C. § 16(b).  In compliance with the APPA, the United States filed Competitive Impact Statements with the Court on November 13, 2018, and on December 13, 2018 as to Defendant Nexstar; published the proposed Final Judgments and Competitive Impact Statements in the *Federal Register* on December 6, 2018 (*see* 83 Fed. Reg. 62964), and on February 1, 2019 as to Defendant Nexstar (*see* 84 Fed. Reg. 1207); and ensured that a summary of the terms of the proposed Final Judgment—with directions for the submission

of written comments relating to the proposed Final Judgment and Competitive Impact Statement—were published in *The Washington Post* for seven days during the period of November 19-25, 2018, and again for seven days during the period of January 31-February 6, 2019 as to Defendant Nexstar. The sixty-day public comment period terminated on February 4, 2019 for six Defendants, and on April 8, 2019 as to Nexstar, and the United States received no public comments relevant to the proposed Final Judgments or the conduct alleged in the Complaint.[2]

The United States has filed a Certificate of Compliance simultaneously with this Motion and Memorandum stating that all APPA requirements have been satisfied. It is now appropriate for the Court to make the public interest determination required by 15 U.S.C. § 16(e) and to enter the proposed Final Judgments.

**III.   Standard of Judicial Review**

Before entering the proposed Final Judgments, the APPA requires the Court to determine whether the proposed Final Judgments are in the public interest. 15 U.S.C. § 16(e)(1). In making that determination, the Court shall consider:

> (A)   the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and
>
> (B)   the impact of entry of such judgment upon competition in the relevant

---

[2] The United States received correspondence from two private citizens concerning a dispute over station licensing in the Montgomery, Alabama DMA, but the correspondence did not comment on the proposed Final Judgments or the merits of this case. Accordingly, the United States did not file a response to the correspondence or publish it in the *Federal Register*.

    market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1)(A), (B). In its Competitive Impact Statements, the United States explained the meaning and the proper application of the public interest standard under the APPA and now incorporates those portions of the Competitive Impact Statements by reference.

**IV.** **Entry of the Proposed Final Judgements Are in the Public Interest**

  As described above, the United States alleged in its Complaint that Defendants violated Section 1 of the Sherman Act, 15 U.S.C. § 1, by agreeing to exchange competitively sensitive information concerning spot advertising sales with and among competing broadcast television stations, and that these unlawful information sharing agreements have had, and likely will continue to have, anticompetitive effects in spot advertising markets by disrupting the normal mechanisms for negotiating and setting prices and harming the competitive process in such markets. As explained in the Competitive Impact Statement, the proposed Final Judgments are designed to prohibit sharing of competitively sensitive information, require Defendants to implement antitrust compliance training programs, and impose cooperation and reporting requirements, in order to terminate Defendants' illegal conduct and prevent recurrence of the same or similar conduct.

  The public, including affected competitors and customers, has had the opportunity to comment on the proposed Final Judgments as required by law, and no comments have been submitted relating to the proposed Final Judgments or the conduct alleged in the Complaint.[3] There has been no showing that the proposed settlement constitutes an abuse of the United

---

[3] *See* footnote 2, *supra*.

States' discretion or that it is not within the zone of settlements consistent with public interest.

## V. Conclusion

For the reasons set forth in this Motion and Memorandum and in the Competitive Impact Statement, the Court should find the proposed Final Judgments are in the public interest and should enter the proposed Final Judgments without further proceedings. Plaintiff United States respectfully requests that the proposed Final Judgments be entered at this time.

Dated: April 24, 2019

                                               Respectfully submitted,

                                               /s/

                                               Lee E. Berger (D.C. Bar #482435)
                                               Trial Attorney
                                               U.S. Department of Justice
                                               Antitrust Division
                                               Media, Entertainment, and Professional Services Section
                                               450 Fifth Street, N.W., Suite 4000
                                               Washington, DC 20530
                                               Phone: 202-598-2698
                                               Facsimile: 202-514-7308
                                               Email: Lee.Berger@usdoj.gov

                                               COUNSEL FOR PLAINTIFF
                                               UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2019, I caused true and correct copies of the foregoing Motion and Memorandum of the United States in Support of Entry of Final Judgments (with attachments) to be served via the court's CM/ECF system on counsel for the Defendants and by electronic mail:

Sinclair Broadcast Group, Inc.
Tabitha Bartholomew
Hughes Hubbard & Reed LLP
1775 I Street, NW
Washington, DC 20006-2401
Email: tabitha.bartholomew@hugheshubbard.com

Raycom Media, Inc.
John Wyss
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
Email: jwyss@wileyrein.com

Tribune Media Company
Michael C. Baker
Ross Alan Demain
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
Email: mbaker@cov.com
Email: rdemain@cov.com

Meredith Corporation
Michael Howard Morse
Cooley LLP
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004
Email: hmorse@cooley.com

Griffin Communications, LLC
Robert Kirk
Wilkinson Barker Knauer, LLP

1800 M Street, NW
Suite 800N
Washington, DC 20036
Email: rkirk@wbklaw.com

Mark Richard Mullins
McAfee & Taft
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102
Email: rick.mullins@mcafeetaft.com

<u>Dreamcatcher Broadcasting, LLC</u>
Jack N. Goodman
Law Offices of Jack N. Goodman
1200 New Hampshire Avenue NW
Suite 600
Washington, DC 20036
Email: jack@jackngoodman.com

Matthew S. Krauss
Weisbrod Matteis & Copley, PLLC
1200 New Hampshire Avenue NW
Suite 600
Washington, DC 20036
Email: mkrauss@wmclaw.com

<u>Nexstar Media Group, Inc.</u>
Catie Ventura
Kirkland & Ellis LLP
1301 Pennsylvania Avenue NW
Washington, DC 20004
Email: catie.ventura@kirkland.com

Respectfully submitted,

/s/ Lee F. Berger

Lee F. Berger (D.C. Bar #482435)
Trial Attorney
U.S. Department of Justice
Antitrust Division
Media, Entertainment, and Professional Services Section
450 Fifth Street, N.W., Suite 4000

Washington, DC 20530
Phone: 202-598-2698
Facsimile: 202-514-7308
Email: Lee.Berger@usdoj.gov

COUNSEL FOR PLAINTIFF
UNITED STATES OF AMERICA